UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Heriberto Borrero,<br><br>                Plaintiff,<br><br>-against-<br><br>The City of New York; Pinyo Saitep, in his individual capacity; Joseph Warnersbach, in his individual capacity; Ian McCabe, in his individual capacity; Samuel Perez, in his individual capacity;<br><br>              Defendants. | ECF CASE<br><br>FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>13 Civ. 3344 (RJD) (JO) |

## PRELIMINARY STATEMENT

1. This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for the Defendants' commissions of acts under color of law in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the State of New York.

## JURISDICTION

2. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1391 (b) in that, *inter alia*, the events giving rise to the claim occurred in the Eastern District of New York.

**JURY DEMAND**

5.  The Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

**PARTIES**

6.  Plaintiff Heriberto Borrero is a citizen of the United States and a resident of New York. At the time of the incident giving rise to this complaint, Mr. Borrero was 19 years old. He was a student at Automotive High School and also worked part time doing odd jobs for a building superintendent.

7.  Defendant THE CITY OF NEW YORK (the "City") is a municipal corporation within the State of New York.

8.  The New York City Police Department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, the NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, the NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

9.  At all relevant times herein, defendants Pinyo Saitep Joseph Warnersbach, Ian McCabe and Samuel Perez (collectively, the "Individual Defendants") were police officers employed by the NYPD and each was acting in the capacity of agent, servant, and employee of the City.

10.  At all relevant times herein, defendant Saitep ("Officer Saitep") held the rank of

police officer and had shield number 3131.

11. At all relevant times herein, defendant McCabe ("Officer McCabe") held the rank of police officer.

12. At all relevant times herein, defendant Perez ("Officer Perez") held the rank of police officer.

13. At all relevant times herein, defendant Joseph Warnersbach ("Sergeant Warnersbach") held the rank of sergeant and was the direct superior of Officer Saitep.

14. At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The Individual Defendants were acting for and on behalf of the City of New York at all times relevant herein with the power and authority vested in them as officers, agents and employee of the City of New York and incidental to the lawful pursuit of their duties as officers, employees and agents of the City of New York.

15. The Individual Defendants are sued in their individual capacities.

## STATEMENT OF FACTS

16. On February 12, 2013, at approximately 12:57 PM, plaintiff Heriberto Borrero showed up to work for the building superintendent of 63 Fort Greene Place, a private apartment building in Brooklyn.

17. Mr. Borrero had been standing outside of the building waiting for the superintendent to show up and let him for approximately 20 minutes when the Individual Defendants approached him.

18. During the encounter, the Individual Defendants surrounded Mr. Borrero. Officer Saitep frisked him, asked him for identification and searched his backpack without his consent.

19. Approximately three minutes after their arrival, Officer Saitep arrested Mr. Borrero at the direction of Sergeant Warnersbach.

20. There was no probable cause to arrest Mr. Borrero.

21. Officer McCabe and Officer Perez had the opportunity to stop the arrest of Mr. Borrero.

22. Officer McCabe and Officer Perez did nothing to stop the arrest of Mr. Borrero.

23. Mr. Borrero was charged by way of a Criminal Court information charging him with one count of Disorderly Conduct (P.L. § 240.20(5)) one count of Loitering (P.L. § 240.35(5)) (the "Information").

24. The Information was sworn out by Officer Saitep, who stated under penalty of prosecution that "at approximately 01:00 PM in front of 29 Fort Greene Place . . . which is Brooklyn Technical High School, [he] observed [Mr. Borrero] for approximately twenty minutes, standing on the sidewalk which is public place, in front of the parking ramp leading to the school parking lot" and that he "observed approximately twelve individuals walk around [Mr. Borrero] in order to get past."

25. Mr. Borrero's arrest and the approximately twenty minutes proceeding it was captured on surveillance video.

26. The surveillance video shows that the sworn statements made by Officer Saitep in the Information were false.

27. Mr. Borrero spent approximately 28 hours in police custody before being arraignment

and released on his own recognizance.

28. The surveillance video was made available to the Assistant District Attorney assigned to prosecute the case.

29. On April 9, 2013, the case was advanced and all the charges contained in the Information were dismissed on the motion of the Kings County District Attorney.

## NOTICE OF CLAIM

30. On May 6, 2013, within 90 days from the dates the claims alleged in this Complaint arose, a Notice of Claim was served on the City.

31. At least 30 days have elapsed since the service of that Notice of Claim and adjustment or payment thereof has been neglected or refused.

32. The instant lawsuit is instituted within one year and 90 days after the dates the claims alleged in this Complaint arose.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C.§ 1983 Against the Individual Defendants

33. All other paragraphs herein are incorporated by reference as though fully set forth.

34. The aforementioned acts deprived Plaintiff of his rights, privileges and immunities guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

35. The acts complained of were carried out by the Individual Defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

36. The acts complained of were carried out by the Individual Defendants in their

capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City and the NYPD, all under the supervision of ranking officers of said department.

37. The Individual Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

38. The Individual Defendants' conduct was the proximate cause of the injuries and damages sustained by Plaintiff.

**SECOND CAUSE OF ACTION**
**False Arrest under 42 U.S.C. § 1983**
**Against the Individual Defendants**

39. All other paragraphs herein are incorporated by reference as though fully set forth.

40. By intentionally confining, arresting, imprisoning and detaining Plaintiff without probable cause, privilege or consent, the Individual Defendants engaged under color of law in the violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from unreasonable seizures, false arrest and imprisonment.

**THIRD CAUSE OF ACTION**
**Failure to Intervene under 42 U.S.C. § 1983**
**Against Defendants Officer McCabe and Officer Perez**

41. All other paragraphs herein are incorporated by reference as though fully set forth.

42. To the extent that they did not participate in Plaintiff's arrest, defendants Officer McCabe and Officer Perez had a duty to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights.

43. Officer McCabe and Officer Perez failed to intervene on Plaintiff's behalf to prevent

the violation of his constitutional rights despite having been in the position and the opportunity to do so.

44. As a result of the aforementioned conduct of Officer McCabe and Officer Perez, Plaintiff's constitutional rights were violated and he was subject to a false arrest.

## FOURTH CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the City of New York

45. All other paragraphs herein are incorporated by reference as though fully set forth.

46. Municipal liability for the violations of Plaintiff's Fourth and Fourteenth Amendment rights rests upon the grounds set forth below.

47. At all times material to this Complaint, the defendant City, acting through the NYPD and the Individual Defendants, had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

48. At all times material to this Complaint, the defendant City, acting through the NYPD and the Individual Defendants, had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the Individual Defendants' supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

## FIFTH CAUSE OF ACTION
### Pendant State Law Claim
### for False Arrest against the City of New York

49. All other paragraphs herein are incorporated by reference as though fully set forth.

50. By the actions described above, the Individual Defendants, jointly and severally,

violated the Plaintiff's rights under New York law to be free from false arrest and imprisonment, as a direct and proximate result of which Plaintiff suffered the loss of physical liberty.

51. Municipal liability for these torts rest upon principles of *respondeat superior*.

WHEREFORE, the Plaintiff requests that this Court:

1. Assume jurisdiction over this matter;

2. Award compensatory and punitive damages to Plaintiff against the defendants, jointly and severally;

3. Award the Plaintiff reasonable costs, disbursements and attorney's fees; and

4. Grant any other relief the court deems appropriate.


Dated: New York, New York
October 17, 2013

                                         Respectfully submitted,
                                         Darius Wadia, L.L.C.


                                         /s/

                                         _____
                                         By: Darius Wadia (Bar number DW8679)
                                         Attorney for Plaintiff
                                         233 Broadway, Suite 2208
                                         New York, New York 10279
                                         dwadia@wadialaw.com